IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-269-BO

| | |
|---|---|
| KENNETH E. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on the parties' cross motions for judgment on the

pleadings [DE 24, 27]. A hearing was held in Elizabeth City, North Carolina, on April 12, 2016.

For the reasons detailed below, this matter is REMANDED for further consideration by the

Commissioner.

BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income on

August 18, 2011. [Tr. 137]. Plaintiff's alleged onset date is October 31, 2007, however, due to a

prior application being denied at the state agency level without appeal, his earliest possible onset

of disability date for purposes of this matter is January 28, 2011. [Tr. 177]. Plaintiff's claim was

denied initially and upon reconsideration. [Tr. 11]. A hearing was held before Administrative

Law Judge (ALJ) Lisa R. Hall on September 25, 2013, in Raleigh, North Carolina. *Id.* The ALJ

issued an unfavorable decision for plaintiff. [Tr. 8]. The Appeals Council denied plaintiff's

request for review, and the ALJ's decision became the final decision of the Commissioner, on

May 11, 2015. [Tr. 1]. Plaintiff then sought review in this Court.

On plaintiff's earliest possible onset date, he was 44 years old; he is now 49 years old. [Tr. 20]. He has a limited education and prior work experience as a material handler and tree trimmer. *Id.* Plaintiff has a history of human immunodeficiency virus (HIV), hepatitis C, and mood disorder. [Tr. 13].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity (RFC) to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

2

Here, the ALJ found that plaintiff did not engage in substantial gainful employment since his earliest possible onset date. [Tr. 13]. Next, the ALJ determined that plaintiff's history of HIV, hepatitis C, and mood disorder were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. [Tr. 14]. At step four, the ALJ found that plaintiff had the residual functional capacity to perform light work but was not able to perform fast paced or quota based work. [Tr. 15]. Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 21]. A vocational expert testified that these jobs would include employment as a remnant sorter, cleaner, and in housekeeping. [Tr. 21]. Accordingly, the ALJ found that plaintiff was not disabled between the earliest possible onset date and the date of the decision. *Id.* Plaintiff now seeks review of the ALJ's determination that he is not disabled.

Plaintiff alleges that the ALJ erred by failing to evaluate plaintiff's impairments under Listing 14.08H for HIV with wasting syndrome and by failing to weigh the medical opinions of Drs. Ricci and Sriraman pursuant to 20 C.F.R. § 404.1527. Counsel focused on the first issue at hearing, and the Court's decision does as well.

Listing 14.08 deals with HIV, and Listing 14.08H addresses "HIV wasting syndrome," which is "characterized by involuntary weight loss of 10 percent or more of baseline" and either chronic diarrhea or chronic weakness and a documented fever of over 100.4 degrees Fahrenheit for the majority of one month or longer.

The ALJ noted that plaintiff had HIV and acknowledged that plaintiff had repeatedly complained of weight loss and muscle wasting and demonstrated "obvious weight loss" at a doctor's visit. [Tr. 16–17]. The record supports these findings. Plaintiff weighed 198.6 pounds in

3

February of 2010; by July 2013, he weighed only 157 pounds. [Tr. 890]. At least one doctor noted "obvious muscle wasting." [Tr. 802]. The ALJ also acknowledged a history of fatigue, rectal bleeding, and internal hemorrhoids. [Tr. 14–19].

However, despite acknowledging plaintiff's HIV, weight loss, gastrointestinal issues and fatigue, the ALJ did not address Listing 14.08H, which addresses these factors: HIV with involuntary weight loss accompanied by either gastrointestinal issues or chronic fatigue and fever. Instead of analyzing plaintiff's condition under this listing, the ALJ simply stated that she had considered Listing 14.08 without elaborating or discussing specific listings within 14.08, including 14.08H. This was in error.

Remand, rather than reversal, is required when the ALJ fails to explain his or her reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the ALJ did not mention the pertinent listing at all, which precludes meaningful review. Therefore, on remand, the ALJ is to consider plaintiff's condition in light of Listing 14.08H, addressing each of its requirements and determining if plaintiff's circumstances meet the listing requirements.

4

<u>CONCLUSION</u>

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 24] is

GRANTED, defendant's motion for judgment on the pleadings [DE 27] is DENIED, and the

matter is REMANDED to the Commissioner for further proceedings consistent with this

decision.

SO ORDERED, this 21 day of April, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE